[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 1, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15879
Non-Argument Calendar

_____

D. C. Docket No. 04-01137-CV-F-S

TOMMY PERDUE,

Plaintiff-Appellant,

versus

PILGRIM PRIDE,
d/b/a Con Agra

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(June 1, 2007)**

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Tommy Perdue appeals the district court's final judgment, entered after a

two-day bench trial, in favor of his former employer, Pilgrim Pride. He sued

Pilgrim Pride under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2(a), and 42 U.S.C. § 1981, asserting he had been unlawfully terminated based on his race (African-American).  On appeal, Perdue contends that the district court failed to properly assess the credibility of the witnesses and erred by finding that race discrimination was not proven by a preponderance of the evidence.  We affirm.

We review a district court's findings of fact for clear error.  See Fed. R. Civ. P. 52(a).  When the district court makes witness credibility determinations, we accord even greater deference to those factual findings.  See Stano v. Butterworth, 51 F.3d 942, 944 (11th Cir. 1995) (holding that we defer even beyond clear error review to trial court findings relating to witness credibility determinations) (citing Anderson v. City of Bessemer City, North Carolina, 470 U.S. 564, 575 (1985)); see also E.E.O.C. v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1285-86 (11th Cir. 2000).  "This deferential standard of review imposes an especially heavy burden on the appellant in a case such as this, in which the evidence was largely testimonial, and the district court had the advantage of observing the witnesses and evaluating their credibility firsthand."  Lincoln v. Bd. of Regents of Univ. of Ga., 697 F.2d 928, 939 (11th Cir. 1983).

In his complaint, Perdue alleged violations of both Title VII and § 1981.

Title VII prohibits employers from engaging in practices that discriminate on the basis of race. See 42 U.S.C. § 2000e-2(a). Section 1981 protects an individual's right to be free from racial discrimination in the "making, performance, modification, enforcement, and termination" of contracts. See 42 U.S.C. § 1981. We have recognized that the analysis of claims under both of these laws is essentially the same. Rice-Lamar v. City of Fort Lauderdale, Fla., 232 F.3d 836, 843 n.11 (11th Cir. 2000); see also Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998) (noting that Title VII and § 1981 have the same requirements of proof and use the same analytical framework).

Perdue's lawsuit was based on a physical altercation with a white co-worker. Perdue maintained that the co-worker initiated the altercation and was not fired. At the trial, Perdue testified that he was not the aggressor and that racial slurs were made in the course of the altercation. Pilgrim Pride presented the testimony of four eyewitnesses, as well as the "incident witness statements" taken on the job-site after the altercation. All of Pilgrim Pride's evidence indicated that Perdue was the aggressor and initiated the altercation by striking the co-worker, in violation of company policy, and that racial slurs were not made.

At the end of the bench trial, the district court announced its findings of facts and conclusions of law. The court found that: (1) the decision to terminate Perdue

3

was formed on reasonable, genuine, and good faith conclusions about the altercation and Perdue's actions and followed a reasonable, prompt investigation; (2) credible evidence supported a finding that Perdue struck co-worker Christopher Reul and shoved the area's supervisor, Chris Wheeler, who tried to breakup the fight and that co-worker Reul did not engage in similar conduct; and (3) the decision to suspend and terminate Perdue was based solely on Perdue's misconduct in violation of its policies and was not based on race.

The district court then applied the test for disparate-treatment claims based on circumstantial evidence, citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981), and Wilson v. B&E Aerospace Inc., 376 F.3d 1079 (11th Cir. 2004).

> Under this framework, the plaintiff first has the burden of establishing a prima facie case of discrimination, which creates a rebuttable presumption that the employer acted illegally. A plaintiff establishes a prima facie case of disparate treatment by showing that she was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class. The methods of presenting a prima facie case are not fixed; they are flexible and depend to a large degree upon the employment situation.

Wilson, 376 F.3d at 1087 (internal citations omitted). The plaintiff's presentation of a prima facie case creates the presumption of discrimination and the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory

reason for its actions. Id. "If the employer satisfies its burden by articulating one or more reasons, then the presumption of discrimination is rebutted, and the burden of production shifts to the plaintiff to offer evidence that the alleged reason of the employer is a pretext for illegal discrimination." Id.

The district court concluded that Perdue had not shown that Pilgrim Pride discriminated against him based on his race, either in a disparate-treatment manner or otherwise, and that even if he presented a prima facie case, Pilgrim Pride had stated nondiscriminatory reasons for Perdue's suspension and termination and Perdue did not offer evidence that the proffered reasons were pretextual. On appeal, Perdue argues that the district court accorded too much weight to the credibility of Pilgrim Perdue's witnesses and other evidence. From our thorough review of the record, we discern no clear error in the district court's factual findings, or credibility determinations, and no legal error in its analysis of those findings.[1]

**AFFIRMED**.

---

[1]We DENY Pilgrim Pride's motion for an award of costs and attorney fees based on Rule 38 of the Federal Rules of Civil Procedure. Although Perdue lost the appeal, we cannot say the case "is so lacking in arguable merit as to be groundless or without foundation," Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985), which is the standard for frivolousness under Rule 38.